UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KYLE ALEXANDER** | **CIVIL ACTION** |
| **VERSUS** | **NO.  06-4475** |
| **BURL CAIN, WARDEN** | **SECTION "S"(4)** |

**REPORT AND RECOMMENDATION**

Before the Court are three motions filed by the petitioner, Kyle Alexander: **Motion and/or Request for Consolidation of Cases #97-37 (#06-4475) and #97-39 (#05-0683) and/or Waiver of State-Court Exhaustion on #97-37 (#06-4475) for Habeas Corpus-Relief Individually Pursuant to #06-4475** (Rec. Doc. No. 8); **Motion to Expand the Record (for evidence relevant to state-court-subject-activity on state court collateral review, in and for state-court Docket No. 97-37 and Habeas Corpus) for Doc. No. 06-4475** (Rec. Doc. No. 10); and **Motion to Stay/Hold in Abeyance Movant's Original Pending Litigation in Case No. 97-37 now Federal Civil Action No. (97-37) 06-4475** (Rec. Doc. No. 11).

The motions, along with the case, were referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has


determined that these three pending motions can be disposed of without an Evidentiary Hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

## I.   **Factual and Procedural Background**

The petitioner, Kyle M. Alexander ("Alexander"), filed the captioned proceeding seeking issuance of a writ of habeas corpus in connection with his 2000 conviction for the second degree murder of Clint Bonadona in Assumption Parish.[2] Alexander also filed a separate federal habeas corpus petition in Civil Action No. 05-0683"S"(4) challenging his conviction in the related murder of Bryan Sagona.  He was convicted of second degree murder in Assumption Parish in that case.

In connection with the latter case, the undesigned Magistrate Judge issued a Report and Recommendation[3] recommending that Alexander's petition be denied as untimely under the guidelines set forth in Title 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  Alexander filed objections to that Report and also later filed three motions:  Motion to Stay/Hold in Abeyance Movant's Original Pending Litigation in Case No. 97-39 and Case No. 97-37 Not Part of the Original Doc. No. 05-0683; Notice of Intent and Permission to Amend and/or Supplement Original Petition for Habeas Corpus Relief on the Merits; and Motion and/or Request for the Judicial Consolidation of Cases No.

---

[1]Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

[3]Civil Action No. 05-0683 "S"(4), Rec. Doc. No. 9.

97-39 (6/1999 Trial) and 97-37 (8/2000) for Habeas Corpus Relief (*in toto*) to Adjudicate both with the Doc. No. 05-0683.[4]

Similar to his efforts in the instant case, Alexander sought through those motions to convince the Court to hold its ruling on his 2005 habeas petition in abeyance so that he could further pursue post conviction relief in the state courts related to both of his convictions. Alexander further sought leave to amend his 2005 petition to clarify the issues raised therein and to add issues arising from his subsequent conviction related to the death of Bonadona which were specifically related to the alleged ineffective assistance of counsel. He also sought in his motions waiver of the exhaustion requirement and to be excused from the lengthy periods of delay during which he pursued no state court relief.

The undersigned Magistrate Judge issued a Report and Recommendation addressing these motions upon referral from the District Judge.[5] In that Report, the undersigned recommended that these motions be denied for several reasons. Alexander was not entitled to a stay and abeyance, or excuse from his failure to exhaust state court remedies, and the prior report from the Magistrate Judge recommended dismissal of the petition in 05-0683"S"(4) as time barred by the AEDPA. These matters remain pending before the District Judge.

## II.    Pending Motions

Alexander has in this case filed three motions seeking, under a broad reading, to again intertwine the resolutions of his prior habeas petition with that of the current one. The Court will address the motions separately.

---

[4] Civil Action No. 05-0683"S"(4), Rec. Doc. Nos. 12, 13, 14.

[5] *Id.*, Rec. Doc. No. 16.

**A.     Motion and/or Request for Consolidation of Cases #97-37 (#06-4475) and #97-39 (#05-0683) and/or Waiver of State-Court Exhaustion on #97-37 (#06-4475) for Habeas Corpus-Relief Individually Pursuant to #06-4475 (Rec. Doc. No. 8)**

In his first motion, Alexander seeks waiver of the exhaustion requirement and forgiveness of the lengthy periods of delay during which he pursued no state post conviction or other collateral review. He bases his request on his belief that the technicalities of state collateral review process are overly burdensome and unnecessary in light of the fact that he has already presented his claims to this federal court.

Alexander also claims that he filed another post conviction application in the state trial court on July 27, 2006, which further clarifies the merits of his claims. Because of this pending state application, he also requests a stay and abeyance in this case. Alexander also suggests that his claims of ineffective assistance and conflicts of interest with counsel arising in both of his state court convictions should be consolidated and considered together on the merits.

The doctrines of exhaustion and timeliness are two separate evaluations addressed as initial procedural matters in a federal habeas corpus proceeding. *See Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). In this case, the State has alleged in its responsive pleading that Alexander's petition is, like the 2005 petition, untimely under the AEDPA. The timeliness of a petition compels the Court to, by statute, dismiss the case for that reason. 28 U.S.C. § 2244(d); *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). Whether the underlying claims have been exhausted will not change the timeliness of the petition and therefore would not prevent the Court from dismissing this petition for that reason. Exhaustion would be futile.

Furthermore, in support of his request for stay and abeyance, Alexander cites, *inter alia*, the United States Supreme Court opinion in *Pace v. Diguglielmo*, 554 U.S. 408 (2005). His reliance on

*Pace* is misplaced.  The *Pace* court did not address stay and abeyance, but instead spoke to the issue of timeliness and the doctrine of equitable tolling.  The doctrine of equitable tolling allows for tolling of the AEDPA's limitation period when the petitioner has been pursuing his rights diligently and there are rare or extraordinary circumstances preventing timely filing.  *Pace*, 554 U.S. at 418; *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001);*Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Thus, equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 554 U.S. at 418-19; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Alexander indicates in his motion that there was a three year period where no state court relief was sought.  He also has not alleged and, on preliminary review, the records do not reflect, any basis for equitable tolling in this case.  The record does not show the type of extraordinary circumstance or diligent pursuit of state court relief which would warrant equitable tolling.  Should the court's later, more thorough, review reveal some basis for tolling, it will be reported to the district court at that time and the appropriate recommendation will be made.

For the sake of further discussion, in *Pliler v. Ford*, 542 U.S. 225, 231 (2004), the United States Supreme Court addressed the availability of a stay-and-abeyance in connection with "mixed petitions" containing both exhausted and unexhausted claims.  The Supreme Court held that stay-and-abeyance was an extraordinary remedy not to be made readily available to a habeas petition. It instead reiterated its long-standing directive that a mixed petition be dismissed without prejudice to allow exhaustion.  *Pliler*, 543 U.S. at 233.  The Supreme Court further recognized that a petitioner

had two choices when faced with dismissal: (1) return to the state courts to exhaust his claims in full; or (2) amend or resubmit his petition to raise only exhausted claims in the federal district court.  *Id*.

The State has also raised the defense that Alexander has not exhausted available state court remedies as to all of the claims raised in this federal petition.  As noted above, should the Court find that Alexander's petition is untimely, the exhaustion defense will be rendered irrelevant.  That is, if the Court were to allow any of the alternative options under *Pliler*, i.e., to allow Alexander time for further exhaustion, would be futile since any subsequent federal petition would be no less untimely than his present one.  The Court would have stayed an already untimely case, which would later, after full exhaustion, have to be dismissed as untimely.  Once again, however, Alexander is seeking to overlook or side-step the Court's required consideration of his timeliness and exhaustion issues by filing these premature motions.

In addition, if the Court were to allow Alexander to amend or resubmit the petition to only present the exhausted claims, then timeliness would still have to be addressed as a preliminary matter.  Therefore, to allow further exhaustion or any applicability of *Pliler* and other exhaustion doctrines would be a waste of judicial resources.

Finally, and most relevantly, the undersigned has already recommended dismissal of the petition filed in Civil Action No. 05-0683"S"(4) as untimely.  Should that recommendation be adopted, Alexander would have nothing to which this case could be consolidated.  His motions are a veiled attempt to breathe life into his untimely efforts to seek federal review of his mostly unexhausted state claims.

Consolidation of his two federal habeas petitions, at this point, would not be beneficial to the Court or the litigants.  The prior case is awaiting final disposition upon the recommendation that

it be dismissed as untimely.  This, his second petition, arises from a separate conviction and is awaiting review for disposition.  There is no judicial economy in delaying resolution of the prior case to await review of this subsequent, unrelated petition.  Each must be evaluated on its own procedural propriety and/or merit under the standards of the Supreme Court and the AEDPA.

For the foregoing reasons, the pending matter should not be stayed or consolidated with any other post conviction or habeas relief being sought by Alexander on either of his convictions.  This motion should be denied.

**B.    Motion to Expand the Record (for evidence relevant to state-court-subject-activity on state court collateral review, in and for state-court Docket No. 97-37 and Habeas Corpus) for Doc. No. 06-4475 (Rec. Doc. No. 10)**

Alexander's next motion is another attempt to convince this Court to overlook the untimeliness of his federal habeas petitions and conflate the consideration and relief sought in his two petitions which arise from two separate convictions.  Alexander seeks to amend the instant petition to clarify the issues raised in his prior petition by emphasizing the objections filed to the dispositive Report and Recommendation entered in that case.  He also suggests that he has additional but unspecified evidence which would show the futility of any exhaustion in the state courts.  He further challenges the recommendation that the three motions filed in the prior case be denied.  In other words, Alexander inappropriately raises in this motion his objections to the Report and Recommendation entered in Civil Action No. 05-0683"S"(4) on September 27, 2006.

Rule 11 of the Rules Governing Section 2254 Cases, permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." *Mayle v. Felix*, 545 U.S. 644, ___, 125 S.Ct. 2562, 2569 (2005); *see also* Fed. Rule Civ. P. 81(a)(2) (The civil rules "are applicable to proceedings for . . .

habeas corpus.")  In addition, Title 28 U.S.C. § 2242 specifically provides that habeas applications "may be amended . . . as provided in the rules of procedure applicable to civil actions."  Therefore, the Court can utilize the parameters of Fed. R. Civ. P. 15 when considering motions to amend a habeas petition.  *Mayle*, 545 U.S. 2569.

Fed. R. Civ. P. 15 declares that leave to amend "shall be freely given when justice so requires."  However, leave to amend is by no means automatic.  *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981).  The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court.  *Id.*

In this case, justice does not require that leave be granted and in fact dictates that this motion be denied for several reasons.  The United States Supreme Court has held that a request to amend a habeas petition, which seeks to add claims unrelated to those raised in the original petition, filed after expiration of the AEDPA's limitations period, does not relate back to the original petition under Fed. R. Civ. P. 15(c).  *Mayle*, 125 S. Ct. at 2574.

Alexander's claims arising from his 1999 conviction are not related to the claims raised in the instant petition challenging his 2000 conviction.  Further, Alexander can not here revive the timeliness of either of his petitions by alleging that he has new claims to raise in the state courts. He also has not identified the particular "new" state records he claims must be brought to this Court. The State, as required by this Court, has presented the state court record related to Alexander's 2000 conviction for the Bonadono murder.  Alexander need not be given permission to duplicate the record already before the Court.

Alexander's request to amend his current exhibits to include state filings which have already been presented by the State with its response is therefore futile.  Furthermore, Alexander's efforts

to confuse the issues raised in this petition with the matters pending in his prior case are abusive of the system and must not be encouraged. He can not here be allowed to bring objections to rulings not relevant to this case. The motion to expand the record must be denied.

### C. Motion to Stay/Hold in Abeyance Movant's Original Pending Litigation in Case No. 97-37 now Federal Civil Action No. (97-37) 06-4475 (Rec. Doc. No. 11)

In his third motion, Alexander requests, under a broad reading, this Court to hold its ruling in this case in abeyance so that he may further pursue post conviction relief in the state courts related to both of his convictions. He alleges that this relief is sought as an alternative to his request to consolidate the instant habeas with the petition filed in Civil Action No. 05-0683"S"(4). Under a broad reading, he claims that there has been no showing that he engaged in intentionally dilatory tactics and he should be allowed to exhaust his state court remedies.

The Court has already addressed the futility of any discussion at this time regarding Alexander's failure to exhaust his state court remedies related to an untimely federal habeas petition. The State has alleged that the instant petition, like the prior one, is untimely filed under the AEDPA. That defense will be thoroughly addressed in the Court's report on the petition itself. Until such time as the Court has completed its review of the petition, the opposition, and the state court records, Alexander is not entitled to an arbitrary stay of these proceedings. Should the Court's review of the records warrant the granting of such relief, the relief will be recommended to the District Court. Until then, Alexander has not shown in these motions an extraordinary circumstance which would warrant a stay and abeyance to allow exhaustion or his entitlement to the extraordinary remedy of equitable tolling for his failure to exhaust.

Alexander is not entitled to a stay and abeyance of any part or all of his current federal petition for issuance of habeas corpus. He also has still failed to present any legitimate basis for

equitable tolling, a doctrine which will be more thoroughly addressed if necessary in the Court's report on the petition itself. This motion also should be denied.

### III. Recommendation

It is therefore **RECOMMENDED** that Kyle Alexander's **Motion and/or Request for Consolidation of Cases #97-37 (#06-4475) and #97-39 (#05-0683) and/or Waiver of State-Court Exhaustion on #97-37 (#06-4475) for Habeas Corpus-Relief Individually Pursuant to #06-4475 (Rec. Doc. No. 8)**; **Motion to Expand the Record (for evidence relevant to state-court-subject-activity on state court collateral review, in and for state-court Docket No. 97-37 and Habeas Corpus) for Doc. No. 06-4475 (Rec. Doc. No. 10)**; and **Motion to Stay/Hold in Abeyance Movant's Original Pending Litigation in Case No. 97-37 now Federal Civil Action No. (97-37) 06-4475 (Rec. Doc. No. 11)**, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_12th\_\_ day of \_\_\_\_December\_\_\_\_, 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**