**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**KYLE ALEXANDER**                                    **CIVIL ACTION**

**VERSUS**                                            **NO.  06-4475**

**BURL CAIN, WARDEN**                                 **SECTION "S"(4)**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including
an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations
pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules
Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that
this matter can be disposed of without an Evidentiary Hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

**I.**     **Factual and Procedural Background**

The petitioner, Kyle M. Alexander ("Alexander"), is incarcerated in the Louisiana State
Penitentiary in Angola, Louisiana.[2]  On March 18, 1997, Alexander was indicted for the first degree
murder of Clint Bonadona in Assumption Parish.[3]  He was separately indicted that same day for the

---

[1]Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either
the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that
could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear
and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 6, Indictment (97-37), 3/18/97.

first degree murder of Bryan J. Sagona.[4]  Both charges would later be amended to second degree

murder and were tried separately.[5]  He challenges here only the 2000 conviction for the Bonadona

murder.[6]

The factual basis for both cases was related by the Louisiana First Circuit Court of Appeal

in the opinion following the Sagona murder trial.[7]  On March 7, 1997, Clint Bonadona and Bryan

Sagona went to see Alexander to buy marijuana.  Bonadona and Sagona knew Alexander because

they attended the same high school.  Alexander and his friend, Lance North, rode around with

Bonadona and Sagona looking for someone from whom they could buy the drugs to no avail.

Alexander told Bonadona and Sagona to come back later and they would try again.  When the two

young men returned sometime later, Alexander, North, and Jonathan Fox, another of Alexander's

friends, pretended to arrange a drug transaction.  They told Bonadona and Sagona that it was to take

place at a remote location outside of the city of Donaldsonville.  The group rode together in

Bonadona's car to the designated location.  When they arrived, Bonadona and Sagona were both

---

[4]St. Rec. Vol. 1 of 6, Indictment (97-39), 3/18/97.

[5]St. Rec. Vol. 3 of 6, Trial Minutes (97-37), 8/22-24/00; St. Rec. Vol. 2 of 4, Indictment (97-39), 3/18/97, handwritten changes dated 1/23/97; St. Rec. Vol. 3 of 4, Trial Minutes (97-39), 6/22-25/99.

[6]Alexander also previously filed a separate federal habeas corpus petition in Civil Action No. 05-0683"S"(4) challenging his separate conviction for the second degree murder of Bryan Sagona.  In connection with that case, the undesigned Magistrate Judge issued a Report and Recommendation recommending that Alexander's petition be denied as untimely under the guidelines set forth in Title 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  Civil Action No. 05-0683 "S"(4), Rec. Doc. No. 9.  After considering Alexander's objections, the District Judge adopted the Report and Recommendation and dismissed Alexander's petition with prejudice as time barred.  His subsequent appeal was dismissed as untimely by the United States Fifth Circuit Court of Appeals and his related application for writ of certiorari was denied by the United States Supreme Court.  Civil Action No. 05-0683"S"(4), Rec. Doc. Nos. 26, 27.

[7]St. Rec. Vol. 1 of 4, 1st Cir. Opinion, 2000-KA-1025, p. 2, 2/16/01.  The Louisiana First Circuit chose not to relate the factual findings in its opinion following the Bonadona murder.  State v. Alexander, 826 So.2d 1197 (La. App. 1st Cir. June 21, 2002) (2001-KA-2908) (Table) (copy unpublished opinion filed separately into this Court's record).

dragged from the car.  Fox shot Bonadona in the head and killed him.  Fox then shot Sagona, who did not die immediately.  Subsequently, Alexander shot Sagona in the head, killing him.

Alexander was tried before a jury on August 22 through 24, 2000 and was found guilty as charged of second degree murder.[8]  The Trial Court later denied Alexander's motion for a new trial.[9]  At a hearing held on February 20, 2001, the Trial Court sentenced Alexander to life imprisonment without benefit of parole, probation, or suspension of sentence.[10]

On appeal to the Louisiana First Circuit Court of Appeal, Alexander's counsel alleged that the Trial Court erred in denying his request to represent himself or to seek other counsel.[11]  While this appeal was pending, Alexander submitted a Uniform Application for Post Conviction Relief to the state trial court on February 5, 2002.[12]  He did not set forth any grounds for relief or sign the affidavit on the form.  Consequently, on February 22, 2002, the Trial Court denied the application for failure to comply with La. Code Crim. P. art. 926(c), which requires that the application be signed and accompanied by an affidavit verifying truthfulness.[13]

Thereafter, on June 21, 2002, the Louisiana First Circuit affirmed the conviction and sentence finding the claims to be without merit.  Alexander did not seek rehearing or file for review

---

[8]St. Rec. Vol. 3 of 6, Trial Minutes (97-37) (3 pages), 8/22/00; Trial Minutes (97-37) (5 pages), 8/23/00; Trial Minutes (97-37) (2 pages), 8/24/00; St. Rec. Vol. 4 of 6, Transcript of Jury Trial, 8/22-24/00; St. Rec. Vol. 5 of 6, Transcript of Jury Trial (continued), 8/22-24/00; St. Rec. Vol. 6 of 6, Transcript of Jury Trial (continued), 8/22-24/00.

[9]St. Rec. Vol. 3 of 6, Motion for New Trial (97-37), 2/6/01; Trial Court Order, 2/8/01.

[10]St. Rec. Vol. 3 of 6, Sentencing Minutes (97-37), 2/20/01; Reasons for Sentence, 2/20/01; St. Rec. Vol. 4 of 6, Sentencing Transcript, 2/20/01.

[11]State v. Alexander, 826 So.2d at 1197 (Table) (copy unpublished opinion filed separately into this Court's record).

[12]St. Rec. Vol. 1 of 4, Unifrm Application for Post Conviction Relief (97-37), dated 2/5/02.

[13]St. Rec. Vol. 1 of 4, Trial Court Order, 2/22/02.

in the Louisiana Supreme Court.  Therefore, his conviction became final on July 22, 2002, which was 30 days after issuance of the appellate court's opinion and no further appellate review was available.[14]  *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the appeal process); La. Code Crim. P. art. 13 (weekends and holidays not included in calculation of period less than seven days or if it would otherwise end thereon.)

## II.   **Procedural Background**

Almost 11 months later, on June 17, 2003, Alexander submitted an application for post conviction relief  to the Trial Court raising three grounds for relief:[15] (1) the use of "principals" in his case caused an unconstitutionally vague statutory presumption; (2) the conviction violated his constitutional rights where he was "convicted as charged" without a state offense; and (3) ineffective assistance of trial counsel for failing to object to the issues addressed in the first two claims.  The copy in the record bears the inscription "97-37" in the upper right hand corner.  The State did not list this application in the procedural history related to this conviction and the copy is not included in the record assigned to Case No. 97-37.  Instead, the copy appears in the record obtained in connection with Case No. 97-39.  The copy does not bear a file stamp or any indication that it was actually considered by the court.  Alexander suggests that the application was filed and that no ruling was ever issued.

---

[14]La. S.Ct. R. X§5(a) provides that an application seeking review of the judgment of the court of appeal shall be made within 30 days of the issuance of the judgment.  *See also* La. Code Crim. Proc. art. 922(A).

[15]St. Rec. Vol. 2 of 4, Original Application for Post Conviction Relief, date 6/12/03.  Alexander has submitted a mail receipt which would indicate, and he concedes, that this application was mailed to the trial court on June 17, 2003. Rec. Doc. No. 14, p. 3, and attached Mail Receipt, 6/17/03.

Nevertheless, over three years later, Alexander filed a supervisory writ application with the Louisiana First Circuit on September 28, 2006, seeking review of five different claims, those which he now raises in his federal petition.[16]  While the record also does not contain a copy of this application, Alexander claims that he raised the same claims now presented to this federal court. The Louisiana First Circuit denied the application on November 14, 2006, as procedurally barred as untimely filed pursuant to La. Code Crim. P. art. 930.8.[17]  Pursuant to the order issued January 12, 2007, the court did not consider his application for rehearing.[18]

According to the records of the Louisiana Supreme Court, Alexander postmarked a writ application on February 9, 2007, which was filed in that court on February 26, 2007, challenging the ruling of the Louisiana First Circuit.  The application was denied on November 16, 2007, pursuant to La. Code Crim. P. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 2007).[19]

---

[16]*See*, Rec. Doc. No. 14, p. 10.  The filing date of this writ application was obtained from the office of the Clerk of the Louisiana First Circuit.

[17]Rec. Doc. No. 14, attached 1st Cir. Order, 2006-KW-1964 (97-37), 11/14/06.  At the time of his conviction, La. Code Crim. P. art. 930.8 provided a three-year period for a defendant to file for post-conviction relief in the state courts.

[18]According to the Clerk of the Louisiana First Circuit, the motion for rehearing was filed on November 29, 2006, and on January 12, 2007, the court issued its order indicating that the request for rehearing was not considered.

[19]*State ex rel. Alexander v. State*, 967 So.2d 517 (La. 2007).  In *State ex rel. Glover*, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under La. Code Crim. P. art. 930.8, even if the lower court addressed the merits or did not consider timeliness.

**III.**   **Federal Petition**

On August 24, 2006, Alexander filed a Petition for Federal Habeas Corpus Relief in which he alleged five grounds for relief:[20] (1) the State was relieved of its burden of proving guilt beyond a reasonable doubt; (2) La. Rev. Stat. Ann. § 14:24 is unconstitutionally vague; (3) the State erred in prosecuting him under alternative theories of guilt to establish second degree murder which were separate substantive crimes; (4) he was denied the right to conflict-free trial representation where the state trial court failed to advise him of the hazards of proceeding with conflicted counsel; (5) he was denied effective appellate counsel where counsel omitted claim number four from review.

The State filed an Answer and Memorandum in Support of Answer alleging that Alexander's federal petition is not timely filed and that he has failed to exhaust state court remedies.[21] Alternatively, the State argues that his claims are without merit.

Alexander filed a Traverse to the State's opposition urging the Court to find his petition to be timely.[22]  He also alleges that, because the Trial Court never ruled on his June 17, 2003, application for post conviction relief, his untimeliness should be excused.  He further argues that he has exhausted his state court remedies by pursuing relief on his claims in the Louisiana First Circuit and the Louisiana Supreme Court and through his post conviction efforts in connection with his other criminal case, 97-39.

---

[20]Rec. Doc. No. 1, Memorandum in Support, p. 6.

[21]Rec. Doc. No. 7.

[22]Rec. Doc. No. 14.

IV.    **Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[23] applies to Alexander's petition, which is deemed filed in this court under the federal "mailbox rule" on August 14, 2006.[24]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  Initially, the State argues that Alexander's petition is untimely filed and that he has failed to exhaust state court remedies.

The State's limitations defense is rejected.  The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[25]  *Duncan v. Walker*, 533 U.S.

---

[23]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[24]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Alexander's federal habeas petition on August 24, 2006.  Alexander dated his signature on the petition on August 14, 2006, which is the earliest date on which it could have been submitted to prison officials for mailing.

[25]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here: (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

167, 179-80 (2001).[26]  Having conducted a thorough review of the records related to Alexander's criminal case, No. 97-37, it appears that he sought post conviction relief in the state trial court only 329 days after his conviction became final on July 22, 2002.  Though the trial court apparently never ruled on the application, for AEDPA purposes, Alexander's post conviction efforts remained pending, and therefore tolled the federal filing period, until November 16, 2007, when the Louisiana Supreme Court denied the related writ application in that court.  His federal petition was filed some three months prior thereto.  Thus, considering the AEDPA's tolling doctrine, Alexander filed this petition within the one-year filing period while his state matters were pending.

----

        D.         the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

    [26]For purposes of this discussion, Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a State post conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-414 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).  The United States Fifth Circuit has clarified its prior opinions to the contrary and resolved that timeliness in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings.  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

    A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams v. Cain*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

    The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.  *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 2001 WL 995164, slip op. at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.  *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

As for the State's exhaustion defense, it appears that Alexander did not complete exhaustion before filing his federal habeas corpus petition.[27]   However, Alexander demonstrates that he presented the five claims raised herein to the Louisiana Supreme Court in his 2007 writ application to that court.  That application was denied pursuant to La. Code Crim. P. art. 930.8 and *State ex rel. Glover*.  It would therefore be futile to require Alexander to return to the State courts for further or complete exhaustion of that which has already been procedurally resolved by the state's highest court, albeit after Alexander filed this federal petition.  Whether the state trial court ruled on the 2003 application is also irrelevant to exhaustion since the claims raised therein are different from those claims now addressed to this Court.

Considering these matters, the State's limitations and exhaustion defenses must be rejected. However, the Court need not address the merits of Alexander's claims.  As noted above, the state courts rejected Alexander's post conviction claims as untimely.  The United States Fifth Circuit Court of Appeals has stressed that a federal habeas court must determine as a threshold matter whether procedural default has occurred on any asserted claim.  *Nobles*, 127 F.3d at 420.  This Court

---

[27]"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419.  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78).  "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).  For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  Furthermore, a prisoner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised. *Id*., at 32.

has discretion to raise procedural default *sua sponte*, provided that the petitioner has notice that the issue is being considered. *Fisher v. State*, 169 F.3d 295, 301 (5th Cir. 1999); *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998).

Accordingly, petitioner is hereby specifically advised and instructed that this report and recommendation is notice to him that this court is *sua sponte* raising the issue of procedural default and that petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this report. *Magouirk*, 144 F.3d at 348. The Court therefore will address the procedural bar *sua sponte*.

## V.    Procedural Default

Alexander's claims that the issues raised in this federal petition were raised in his applications for post-conviction relief in the state courts, specifically his writs to the Louisiana First Circuit and Supreme Court. The Louisiana Supreme Court denied relief on his writ application citing La. Code Crim. P. art. 930.8 and *State ex rel. Glover*. This procedural denial was the last reasoned decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991).

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)). This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review. *Amos*, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim raised in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902. When the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, it is presumed that the court relied upon the same grounds as the last reasoned state court opinion. *Ylst*, 501 U.S. at 802.

In this case, the last reasoned decision was that of the Louisiana Supreme Court, which based its denial on La. Code Crim. P. art. 930.8 and *State ex rel. Glover*. The Louisiana Supreme Court therefore denied relief on the basis that the application was untimely under Louisiana law.

### A.   <u>Independent and Adequate</u>

For the foregoing state-imposed procedural bars to prevent review by this federal habeas court, the bar must be independent and adequate. A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar. *Amos*, 61 F.3d at 338. To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Glover*, 128 F.3d at 902.

The United States Fifth Circuit Court of Appeals in *Glover v. Cain* held that denial of relief premised on the untimeliness of a claim under La. Code Crim. P. art. 930.8 "is sufficient to fulfill the independence requirement" of the procedural default doctrine. *Glover*, 128 F.3d at 902. The same is true in this case. The Louisiana Supreme Court's ruling was clear and express in their reliance on Article 930.8 and *State ex rel. Glover* when denying Alexander's writ application.

The United States Fifth Circuit has also squarely held that because "Louisiana courts have regularly invoked [Article 930.8] to bar untimely claims," it is an "adequate" rule, i.e., it "is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims." *Glover*, 128 F.3d at 902 (citing *Dugger v. Adams*, 489 U.S. 401, 410 n.6 (1989); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988); and *Amos*, 61 F.3d at 339).

Because the Louisiana Supreme Court's decision rested on an independent and adequate state rule of procedural default, this court may not review Alexander's federal habeas claims.

### B.   <u>Cause and Prejudice</u>

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover*, 128 F.3d at 902 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262; *Engle v. Isaac*, 456 U.S. 107, 129 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id*. at 486.

In this case, Alexander has not offered any cause for the default which would excuse the procedural bar imposed by the Louisiana courts. The Court's review of the record does not support a finding that any factor external to the defense prevented Alexander from raising the claims in a procedurally proper manner. The record also does not reflect any action or inaction on the part of

the State which prevented him from doing so.  As noted above, the fact that the state trial court may not have ruled on his 2003 application for post conviction relief is of no relevance to his delayed presentation of the five claims now before this court.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown."  *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle*, 456 U.S. at 134 n.43).  Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice.  *Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

Alexander's claims are therefore procedurally barred from review by this federal habeas corpus court.  *See Trest v. Whitley*, 94 F.3d 1005, 1008 (5th Cir. 1996) (habeas review precluded when petitioner neglected to allege actual prejudice and cause of failure to comply with state procedural rule concerning time restriction on filing for state post-conviction relief), *vacated on other grounds*, 522 U.S. 87 (1998).[28]

### C.    **Fundamental Miscarriage of Justice**

Alexander may avoid this procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed.  *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).  To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence."  *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902.  To satisfy the factual innocence standard, petitioner must establish a fair probability that,

---

[28]The Supreme Court vacated the Fifth Circuit's opinion on grounds that a court of appeals is not <u>required</u> to raise the procedural default argument sua sponte.  *Id.*

considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt.  *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tx. 1997) (footnote omitted); *Nobles*, 127 F.3d at 423 n. 33 (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.")  When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception.  *Glover*, 128 F.3d at 903.

Alexander does not present any indication and the record contains nothing that suggests his actual innocence on the underlying convictions.  His claims address alleged procedural failings in the underlying criminal proceedings, not his actual innocence.  He presents no evidence or argument of the kind of actual innocence that would excuse his procedural default.

For these reasons, Alexander has failed to overcome the procedural bar to his claims.  The claims are procedurally barred and can be dismissed with prejudice for that reason.

## VI.   Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Kyle M. Alexander's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th

Cir. 1996).

New Orleans, Louisiana, this 31st day of March, 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**